J-S22035-23

2023 PA Super 128

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY CHARLES AGNEW | : | No. 1408 WDA 2022 |

Appeal from the PCRA Order Entered November 18, 2022
In the Court of Common Pleas of Blair County
Criminal Division at CP-07-CR-0000586-2016

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

OPINION BY MURRAY, J.:                    **FILED:  July 21, 2023**

The Commonwealth of Pennsylvania appeals the order of the Post Conviction Relief Act (PCRA)[1] court, which reinstated, *nunc pro tunc*, the direct appeal rights of the petitioner, Henry Charles Agnew (Agnew).  We reverse.

The PCRA court recounted the relevant procedural history as follows:

> After [a] jury trial, [Agnew] was convicted of multiple crimes related to drug trafficking on August 19, 2016, including three counts of Possession with Intent to Deliver/Delivery and Criminal Use of a Communication Facility.[2]  [Agnew] was sentenced … on October 28, 2016 to an aggregate sentence of 33-66 months [in prison].  His trial counsel was Attorney Robert S. Donaldson.
>
> Attorney Donaldson filed a Notice of Appeal on December 2, 2016.  [Attorney Donaldson thereafter filed a timely Pa.R.A.P. 1925(b) concise statement.]  The Pennsylvania Superior Court ultimately dismissed the appeal due to Attorney Donaldson's failure to file a brief.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512(a).

[Agnew] timely filed a PCRA petition on March 9, 2018[,] and Attorney Paul M. Puskar was appointed as PCRA counsel on June 13, 2018.  A PCRA hearing was held on May 24, 2019[,] and per Order dated June 6, 2019 by [the PCRA court], the PCRA petition was granted and [Agnew's] direct appeal rights were reinstated.  Attorney Douglas J. Keating was then appointed as appellate counsel.

Attorney Keating filed a Notice of Appeal on July 12, 2019, beyond the thirty (30) day period provided in … [the] Order of June 6, 2019.   Therefore, the Pennsylvania Superior Court quashed the appeal as untimely and directed Attorney Keating to seek reinstatement of the appeal at the Court of Common Pleas level.   Attorney Keating filed a Motion to Reinstate Direct Appeal Rights on August 30, 2019, and on October 10, 2019, [the PCRA court] entered an Order reinstating the direct appeal rights.

Attorney Keating filed a Notice of Appeal *Nunc Pro Tunc* on October 16, 2019.  While the direct appeal was still pending, Agnew filed a *pro se* PCRA Petition on November 4, 2019.  The Pennsylvania Superior Court ultimately denied the direct appeal by Memorandum dated September 17, 2020.   [**See Commonwealth v. Agnew**, 240 A.3d 939 (Pa. Super. 2020) (unpublished memorandum).]

[Agnew] filed another *pro se* PCRA Petition on October 19, 2020[,] and [the PCRA court] entered an Order on January 4, 2021 appointing Attorney Matthew McGregor as PCRA counsel. Attorney McGregor filed an Amended PCRA Petition on March 4, 2021. … The hearing was rescheduled for July 22, 2021.  Attorney McGregor filed a Motion to Continue on July 20, 2021, due to a conflict within his professional schedule.  At the same time, he also filed a Motion to Withdraw as Counsel.

After a hearing held July 26, 2021, [the PCRA court] granted Attorney McGregor's motion to withdraw.   By Order entered August 3, 2021, [the court] appointed Attorney Kristen L. Anastasi as new PCRA counsel.  Attorney Anastasi filed an Amended PCRA Petition on December 8, 2021 ….

PCRA Court Opinion, 12/14/22, at 1-3 (footnote added).

In his amended PCRA petition, Agnew asserted ineffectiveness claims against all prior counsel. Agnew claimed:

> Attorney Donaldson was ineffective for failing to object and/or request a mistrial when [Agnew's] rights to the Confrontation Clause[3] were violated.

Amended PCRA Petition, 12/8/21, ¶24(F) (footnote added). Agnew further claimed Attorney Puskar rendered ineffective assistance by failing to amend Attorney Donaldson's Pa.R.A.P. 1925(b) concise statement to include the Confrontation Clause issue (related to admission at trial of text messages from the confidential informant (CI)). *Id.* ¶ 24(G).

The PCRA court held an evidentiary hearing on Agnew's petition. On November 18, 2022, the PCRA court granted Agnew relief, reinstating his direct appeal rights *nunc pro tunc*. PCRA Order, 11/18/22. The PCRA court limited Agnew's appeal to the issue of

> whether trial counsel was ineffective in failing to object to the admission of the text messages from the deceased [CI] to [the Commonwealth] into evidence as a violation of the Confrontation Clause and/or whether the trial court erred in allowing such evidence at the time of trial….

---

[3] The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI.

- 3 -

*Id.* (footnote added).[4]  The PCRA court permitted consideration of Agnew's ineffectiveness claim by *nunc pro tunc* direct appeal given Appellant's short sentence; the court opined: "any appellate review should occur in a timely manner, especially for an issue of constitutional magnitude."  PCRA Court Opinion, 12/14/22, at 5.  The Commonwealth thereafter filed the instant timely appeal.  The Commonwealth and PCRA court have complied with Pa.R.A.P. 1925.[5]

The Commonwealth presents the following issues:

I.     Whether the PCRA court erred in granting a *nunc pro tunc* direct appeal where prior counsel were not ineffective?

II.    Whether the PCRA court erred in granting relief under **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), where the **Holmes** conditions were not met and that relief was never requested by [Agnew]?

Commonwealth Brief at 3.

In reviewing these issues, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal

---

[4] Due to the unavailability of the deceased CI, the Commonwealth introduced text messages between the CI and Agnew to explain police officers' course of conduct. **See** N.T., 8/19/16, at 48-50.

[5] Counsel for Agnew filed his *nunc pro tunc* direct appeal at No. 1493 WDA 2022.  On February 10, 2023, this Court stayed that appeal pending disposition in the instant case.

quotation marks omitted). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." **Commonwealth v. Prater**, 256 A.3d 1274, 1282 (Pa. Super. 2021).

The Commonwealth's issues implicate Agnew's claims of his prior attorneys' ineffectiveness. In addressing ineffectiveness claims:

> [W]e begin, as we must, with the presumption that counsel acted effectively. To prove otherwise, a petitioner must satisfy the performance and prejudice standard set forth in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), by a preponderance of the evidence. This Court has applied the **Strickland** test by requiring a petitioner to establish three elements: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) **the petitioner suffered prejudice because of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different absent the error.**
>
> ….
>
> If a petitioner's claim fails under any required element of the **Strickland** test, the claim may be dismissed on that basis. A court is not required to analyze the elements of an ineffectiveness claim in any order of priority; if a claim fails under any necessary element, the court may proceed to that element first.…

**Commonwealth v. Johnson**, 289 A.3d 959, 979-80 (Pa. 2023) (emphasis added; quotation marks and most citations omitted).

The Commonwealth first argues the PCRA court erred in concluding Attorney Keating rendered ineffective assistance by not seeking leave to amend Agnew's previously filed Pa.R.A.P. 1925(b) concise statement. Commonwealth Brief at 17. The Commonwealth asserts:

- 5 -

The PCRA court erred because it did not analyze all three prongs of the ineffectiveness test. The PCRA court further erred because it did not find that there was a reasonable probability that a new trial would have been granted had Attorney Donaldson and/or Attorney Keating preserved the Confrontation Clause issue on direct appeal.

*Id.* The Commonwealth emphasizes:

The PCRA court did not analyze whether there was a reasonable probability that Agnew would have succeeded had he raised the Confrontation Clause on direct appeal.

*Id.* at 20.

Further, the Commonwealth maintains Agnew's challenge to the admissibility of the CI's text messages would not have merited relief on direct appeal. *Id.* at 21. The Commonwealth asserts:

[T]he PCRA court erred because it did not explain how any text messages would be considered testimonial evidence that could be excluded under the Confrontation Clause. The Commonwealth explained at trial that the text messages were not offered into evidence for their truth. … Since the text messages were not offered for their truth, the PCRA court erred where there was not a meritorious basis to object to the text messages….

*Id.* at 22.

The PCRA court deemed Attorney Keating ineffective for not requesting permission to amend Agnew's Rule 1925(b) concise statement. PCRA Court Opinion, 11/17/22, at 12. The PCRA court opined:

Attorney Keating could have, and in fact should have, filed a petition seeking leave of the trial court to file a supplemental or amended Rule 1925(b) Statement. If the trial court granted such leave, this would have provided Attorney Keating an opportunity to raise any appellate issues that he deemed appropriate, including the alleged violation of the Confrontation Clause based upon admission of the deceased CI's text messages into evidence.

….

> [The court] believes this issue has merit and should properly be raised and pursued on appeal. [**The court**] **find**[**s**] **that** [**Agnew**] **was prejudiced by not being provided the opportunity to raise this issue on appeal.…**

*Id.* (emphasis added; citation omitted).

The PCRA court appears to presume prejudice from Attorney Keating's failure to preserve an issue for appeal. ***See id.*** However, prejudice is presumed only in instances where counsel's ineffectiveness **completely forecloses review**:

> [T]here have been only three circumstances under which this Court determined that counsel's conduct constituted a constructive denial of counsel warranting a presumption of prejudice: (1) where counsel failed to file a requested direct appeal, ***see*** [***Commonwealth v.***] ***Lantzy***, [736 A.2d 564 (Pa. 1999)]; (2) where counsel failed to file a statement of matters complained of on appeal, ***see*** [***Commonwealth v.***] ***Halley***[, 870 A.2d 795, 801 (Pa. 2005)]; and (3) where counsel failed to file a requested petition for allowance of appeal thereby depriving the client of the right to seek discretionary review, ***see Commonwealth v. Liebel***, [825 A.2d 630, 635-36 (Pa. 2003)].

***Commonwealth v. Reed***, 971 A.2d 1216, 1225 (Pa. 2009).

"[I]n certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." ***Commonwealth v. Rosado***, 150 A.3d 425, 430-31 (Pa. 2016). However, prejudice is not presumed where counsel's action or inaction only *narrows* the ambit of appeal. ***See Reed***, 971 A.2d at 1226

- 7 -

(concluding "the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate" to establish a claim of ineffectiveness *per se*).  In **Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007), our Supreme Court rejected conflation of the loss of a single appellate issue with the complete loss of the right to appeal.  **Id.** at 1128-32.  The Supreme Court emphasized: "The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption [of prejudice] in the more extreme instance."[6]  **Id.** at 1128 (citation omitted).

Here, prior counsel's failure to petition for leave to amend Agnew's concise statement "did not operate to entirely foreclose appellate review … but at most 'narrowed the ambit' of the appeal [] counsel pursued."  **Reed**, 971 A.2d at 1225 (citation omitted).  Under these circumstances, we conclude the PCRA court erred in not analyzing Agnew's ineffectiveness claim under the actual prejudice standard.  **See Johnson**, 289 A.3d at 979 (requiring determination of "whether there is a reasonable probability the result of the proceeding would have been different," absent counsel's action/inaction).

_____

[6] In **Reaves**, our Supreme Court concluded that counsel's failure to file for sentencing reconsideration did not entirely foreclose appellate review of a revocation decision.  **Id.** at 1128-29.  Therefore, the petitioner was required to demonstrate actual prejudice.  **Id.** at 1129.

- 8 -

We do not conclude our review at this point. Whether the admission of evidence violated an accused's rights under the Confrontation Clause is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Brown***, 185 A.3d 316, 324 (Pa. 2018).

The Confrontation Clause applies to witnesses against the accused — in other words — those who bear testimony. ***See Crawford v. Washington***, 541 U.S. 36, 54 (2004) (defining testimonial statements as, *inter alia*, "*ex parte* in-court testimony or its functional equivalent"). The focus of the Confrontation Clause is testimonial hearsay. ***Crawford***, 541 U.S. at 51-52. The ***Crawford*** Court made clear that the use of testimonial statements is not barred by the Confrontation Clause "for purposes other than establishing the truth of the matter asserted." ***Id.*** In fact, this Court has long-recognized: "A statement admitted for a purpose other than establishing the truth of the matter asserted — such as, in this case, the investigating officers' course of conduct — does not violate the Confrontation Clause." ***Commonwealth v. Dargan***, 897 A.2d 496, 500 (Pa. Super. 2006).

At trial, the Commonwealth presented testimony from Altoona Police Sergeant Christopher Moser (Sergeant Moser). N.T., 8/19/16, at 32. Sergeant Moser explained:

> On these four purchases … , on each instance we were able to observe [] Agnew meet with the CI.
>
> ….

> [W]e were able to see [] Agnew and the CI on each and every one of these purchases. The CI was strip[-]searched before and after. Before[, the CI] had no drugs on him and no money other than the money I provided him. After he met with [] Agnew[,] we were able to observe on each purchase that [Appellant] was the only person [the CI] had contact with or met, other than the police officers. He came back with cocaine and I believe on the last purchase he returned with $20 of our money.

*Id.* at 47.

The Commonwealth then presented text messages between the CI and Agnew to explain Sergeant Moser's course of conduct. *Id.* at 51. Although Agnew's counsel objected on hearsay grounds, the trial court overruled the objection, stating: "I think the Jury is getting the background of how [the message] was taken off the phone[.]" *Id.* at 52. Significantly, in Agnew's prior appeal, both the trial court and this Court agreed the case "was tried without the [CI's] credibility coming into question in any significant respect." *Agnew*, 240 A.3d 939 (Pa. Super. 2020) (unpublished memorandum at 4) (quoting Trial Court Opinion, 11/16/17, at 3).

Because the texts were admitted, not for their truth, but to explain Sergeant Moser's course of conduct, Agnew's claim of a Confrontation Clause violation would merit no relief. *See Dargan*, 897 A.2d at 500 (holding that evidence offered to explain course of conduct is not excluded by hearsay rule nor barred by Confrontation Clause). Consequently, Agnew cannot establish actual prejudice resulting from prior counsel's failure to seek the addition of this issue to Agnew's concise statement. *See Johnson*, 289 A.3d at 979-80. Agnew's ineffectiveness claim does not merit relief. *See id.*

- 10 -

Based on the foregoing, we conclude the PCRA court erred in granting Agnew relief and reinstating his direct appeal rights *nunc pro tunc*.[7] We therefore reverse the order granting PCRA relief and dismiss Agnew's *nunc pro tunc* direct appeal at No. 1493 WDA 2022.

Order reversed. Appeal at No. 1493 WDA 2022 dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2023

---

[7] Based on this determination, we do not address the Commonwealth's remaining issue.