J-S44025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BAYOK HAYNES | : | |
| | : | |
| Appellant | : | No. 82 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009120-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BAYOK HAYNES | : | |
| | : | |
| Appellant | : | No. 83 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009121-2021

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 19, 2024**

Bayok Haynes (Appellant) appeals from the judgments of sentence entered following his convictions by a jury of first-degree murder, carrying a firearm without a license, carrying a firearm in public in Philadelphia,

possessing an instrument of crime (PIC), tampering with physical evidence,

and abuse of corpse.[1]  After careful consideration, we affirm.

The trial court summarized the facts underlying this appeal:

On January 20th, 2021, at approximately 11:00 p.m., [Appellant], a forty-four-year-old man, met up with the decedent, eighteen-year-old Kevin Davis, Jr. [(the decedent)].  The two drove together to the residence of [Appellant's] cousin, Almeena Haynes [(Ms. Haynes)], in the Greys Ferry neighborhood of Philadelphia.  [Appellant] and the decedent were recorded together in an Instagram video posted to the decedent's account at 12:50 a.m. on January 21, 2021, at the home of Ms. Haynes.  The decedent posted again to his Instagram account at 1:53 a.m. and sent a private message to another Instagram account at 2:48 a.m.  At some point between 2:48 a.m. and 4:25 a.m., [Appellant] shot the decedent twice in the chest, killing him.  [Appellant] put the decedent's body in the back of his girlfriend's vehicle and drove him to an empty lot near the intersection of 42nd and Aspen Streets in West Philadelphia.  [Appellant] was seen on video as he removed the decedent's body from the vehicle, with the help of another person, and carried it to a vacant lot filled with trash and left it there.  The body was found four days later on January 25, 2021, shirtless, with no shoes or socks on his feet.  N.T. 12/11/2023 at 93-95; N.T. 12/12/2023 at 51-52, 151, 171-173, 191-194.

Prior to the incident, [Appellant] and the decedent had known each other for roughly four to five years.  The two lived in the same neighborhood in the Frankford neighborhood of Philadelphia, and, per the decedent's mother, [Shironne Akins (Ms. Akins),]  the younger decedent admired [Appellant], looking to him as a mentor.  Three months before the killing, on October 20, 2020, the decedent was arrested while driving [Appellant's] car.  He was driving without lights on near his mother's home when he was pulled over by the police.  During the stop, the police saw a handgun on the floorboard and arrested him.  [The decedent] was charged with [firearms offenses] and resisting arrest.  **At some point between October and January, the decedent told [Ms. Akins] that the gun was owned by**

_____

[1] ***See*** 18 Pa.C.S.A. §§ 2502(a), 6106(a)(1), 6108, 907, 4910(1), 5510.

**[Appellant] and he planned to tell his attorney.** [Appellant] was on parole at the time and did not have a valid license to carry a firearm.

Trial Court Opinion, 3/12/24, at 2-3 (unpaginated) (emphasis added).

On January 28, 2021, police arrested Appellant and charged him with, *inter alia*, the above-described offenses. Relevant to this appeal, on October 25, 2023, Appellant filed a motion *in limine* seeking to preclude testimony regarding the decedent's statement to Ms. Akins about the Appellant owning the firearm. Motion *In Limine*, 10/25/23, at ¶ 4. Specifically, Appellant averred the following:

> The Commonwealth intends to call [Ms. Akins], the decedent's mother, to testify that her son told her that a gun police previously recovered from [the decedent] was not his gun[,] but rather belonged to [Appellant]. The Commonwealth alleges that [Appellant] killed [the decedent] supposedly to halt this allegation from coming to light.

*Id.* Appellant argued testimony about the decedent's statement is inadmissible hearsay, even if it establishes motive. *Id.* at 5 (argument). According to Appellant, "that something is evidence of motive does not change the hearsay analysis. Courts are just to apply the same rules that they always do in assessing whether out-of-court statements are hearsay." *Id.* at 6. On November 16, 2023, after hearing, the trial court denied Appellant's motion. Trial Court Order, 11/16/23.

On December 14, 2023, a jury convicted Appellant of the above-described offenses. That same date, the trial court imposed an aggregate

sentence of life in prison.  Appellant timely filed notices of appeal.  Appellant

and the trial court have complied with Pa.R.A.P. 1925.[2]

Appellant presents one issue for our review:

Did the trial court err in admitting [the decedent's] out-of-court statement to his mother, [Ms.] Akins, at trial, that [Appellant] was the owner of a firearm that was found in a car that was owned by [Appellant], that was being operated by the decedent when the gun was recovered, as admissible pursuant to the forfeiture by wrongdoing hearsay exception Pa.R.E. 804(b)[?]

Appellant's Brief at 12.

Appellant argues that the trial court improperly admitted Ms. Akins's

testimony regarding the decedent's identifying Appellant as the owner of a

firearm found by police.  Appellant's Brief at 25.  Appellant argues,

there is no evidence that [the decedent] intended to, and did in fact, procure the unavailability of the declarant, [the decedent], as a witness at any criminal proceeding, much less [Appellant's] murder trial.  Regarding [Appellant's] murder trial, when the criminal proceeding for murder was instituted against [Appellant], [the decedent] was already dead[;] thus it would have been impossible for [the decedent] to have been a witness at his own murder trial.  Stated another way, it would have been impossible for [Appellant] to procure the unavailability of an already dead witness….

*Id.* at 26.  Appellant asserts that at the time "a gun was recovered from the

car, [Appellant] was not charged for [a firearms offense] from the October 20,

2020, incident."  *Id.*  Further, Appellant points out that there were no firearms

charges pending against Appellant at the time of his murder trial.  *Id.*

_____

[2] This Court *sua sponte* consolidated Appellant's appeals on July 2, 2024.

Our standard of review for a challenge to the court's admission of evidence is well-established:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus[,] our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa. Super. 2012) (citations and quotation marks omitted).

Appellant's issue implicates the Confrontation Clause of the United States Constitution. A defendant's claim that he was denied his right to confront a witness under the Confrontation Clause of the United States and Pennsylvania Constitutions is a pure question of law for which our standard of review is *de novo*. *See Commonwealth v. Grush*, 295 A.3d 247, 250 (Pa. Super. 2023). "The focus of the Confrontation Clause is testimonial hearsay." *Commonwealth v. Agnew*, 299 A.3d 1001, 1007 (Pa. Super. 2023) (citation omitted). "While the right to confrontation is a fundamental one, this Court has explained it is not absolute." *In re N.C.*, 105 A.3d 1199, 1215 (Pa. 2014).

Pennsylvania Rule of Evidence 802 provides that "[h]earsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. Hearsay is "statement the declarant does not make while testifying at the current trial … [and] is offered in evidence to prove the truth of the matter

asserted." ***Commonwealth v. Fitzpatrick***, 255 A.3d 452, 471 (Pa. 2021) (citing Pa.R.E. 801(c)(1)-(2)) (ellipses and quotation marks omitted).

However, the Rules of Evidence recognize exceptions to the general rule against hearsay. Pennsylvania Rule of Evidence 806 provides, in relevant part, as follows:

> **(b)** The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> ….
>
> **(6) *Statement Offered Against a Party That Wrongfully Caused the Declarant's Unavailability.*** A statement offered against a party that wrongfully caused--or acquiesced in wrongfully causing--the declarant's unavailability as a witness, and did so intending that result.

Pa.R.E. 804(b)(6) (emphasis in original).

Appellant claims there must be a *pending* criminal case at the time the decedent made the statement. Appellant's Brief at 26. However, the plain language of Rule 804 includes no such requirement.

"In the construction of the Pennsylvania Rules of Evidence, the principles set forth in Pa.R.J.A. 104 to 115 shall be observed." Pa.R.E. 101(c). Relevantly,

> [e]very rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Pa.R.J.A. 108(b).

- 6 -

Rule of Evidence 804(b)(6) sets forth the hearsay exception known as "forfeiture by wrongdoing." *See* Pa.R.E. 804(b)(6); ***Commonwealth v. Morales***, 91 A.3d 80, 94 (Pa. 2014). Rule 804(b)(6) permits the admission of an unavailable declarant's statement when it is "offered against a party that wrongfully caused … the declarant's unavailability as a witness, and did so intending that result." Pa.R.E. 804(b)(6).

The plain language of Rule 804(b)(6) requires that the statement be offered against a party who wrongfully caused "the declarant's unavailability as a witness[.]" Pa.R.E. 804(b)(6). The rule does not include language limiting its application to the same or a current proceeding. We will not disregard the plain language of Rule 804(b)(6) to include an unstated limitation. *See* Pa.R.J.A. No. 108(b).

To determine whether a defendant has manufactured the unavailability of a witness through wrongdoing, trial courts must conduct an evidentiary hearing outside the jury's presence. ***Commonwealth v. King***, 959 A.2d 405, 414-15 (Pa. Super. 2008). During the hearing, the Commonwealth

> must establish by a preponderance of the evidence that: (1) the defendant … was involved in, or responsible for, procuring the unavailability of the declarant … and (2) the defendant … acted with the intent of procuring the declarant's unavailability as an actual or potential witness.

*Id.* at 414 (citation omitted).

In its opinion, the trial court considered and rejected Appellant's challenge to the admissibility of the decedent's statement to Ms. Akins:

[A]fter his October 2020 arrest for unlawful possession of a firearm, the decedent told [Ms. Akins] that the gun was owned by [Appellant]. He told her that he planned to share that information with his lawyer to prepare his defense. [Appellant] knew about the decedent's arrest and provided the family support thereafter. [Appellant] didn't dispute when [Ms. Akins] claimed that [Appellant] was "here when [the decedent] got locked up" and "wouldn't leave [her] side." [Appellant] had an ulterior motive, however. He was on parole at the time of the decedent's arrest for a separate conviction and was not lawfully licensed to carry a firearm. In a text conversation with his brother, [Appellant] alluded to the decedent's possible testimony against him, referring to [the decedent] as "the fedz" "on some Bs" "[l]ike [s]omebody won't smoke em". N.T. 12/12/2023 at 86-88; Comm. Ex. C-69.

This [c]ourt held a pretrial hearing outside the presence of the jury to determine the admissibility of [Ms. Akins's] testimony of her son's out of court statements, wherein the Commonwealth and defense counsel presented arguments. This [c]ourt properly found that the testimony was admissible based on the forfeiture by wrongdoing exception codified in Pennsylvania Rule[] of Evidence 804(b)(6). The [ruling] supported by a preponderance of the evidence that [Appellant] killed the decedent to prevent him from testifying against [Appellant] or incriminating him for possessing a gun which [Appellant] owned unlawfully. The decedent's prior statements against [Appellant] were therefore admissible and did not run afoul of either hearsay or Confrontation Clause grounds[.] N.T. 11/16/2023 at 10-20.

Trial Court Opinion, 3/12/24, at 6-7 (unpaginated). We agree with and adopt the trial court's analysis and conclusion, as it is supported by the law and evidence. *See Lopez*, 57 A.3d at 81.

We also would affirm the trial court's admission of this evidence on other grounds. *See Commonwealth v. Edwards*, 903 A.2d 1139, 1157 n.19 (Pa. 2006) ("We may affirm a trial court's evidentiary ruling if we deem it to have

been correct on grounds other than those specified by the court itself, particularly where the additional reason is apparent from the record.").

Our Supreme Court has long recognized that "[w]hen an extrajudicial statement is offered for a purpose other than proving the truth of its contents, it is not hearsay and is not excludable under the hearsay rule." ***Commonwealth v. Puksar***, 740 A.2d 219, 225 (Pa. 1999); ***accord Commonwealth v. Parker***, 104 A.3d 17, 25 (Pa. Super. 2014) ("Generally, out[-]of[-]court statements by homicide victims are admissible when they are relevant to show proof of motive or malice.").

Instantly, the Commonwealth offered the decedent's statement as evidencing Appellant's motive for the murder. N.T., 11/16/23, at 10-11. As the Commonwealth explained at the hearing on Appellant's motion *in limine*,

> whether or not the gun was [Appellant's] gun is not what the Commonwealth is introducing the statement for.
>
> ….
>
> … Because **it doesn't matter whether or not that statement is true**. It doesn't matter … and, in fact, we have no independent evidence about whether or not that's true…. But the statement that is made to [Ms. Akins] is that this is [Appellant's] gun, and I'm going to tell the police. We also don't know whether or not [the decedent] actually intended to tell the police that it was [Appellant's] gun.
>
> Neither one of those issues make it an offer for truth. … But that was the information [the decedent] had given [to Ms. Akins]. And, therefore, **that information on its face is what is the motivation for** [**Appellant**] **to kill** [**the decedent**].

*Id.* at 11-12 (emphasis added). Upon review, we agree.

Ms. Akins's testimony regarding the decedent's statement was not offered to prove that Appellant owned/possessed the firearm, or that the decedent was going to tell his attorney about the firearm's ownership. Rather, the Commonwealth offered this testimony to establish Appellant's motive for killing the decedent. *See id.* Under these circumstances, Appellant's challenge to Ms. Akins's testimony would lack merit for this reasons as well. *See Parker*, 104 A.3d at 25. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024