J-A23039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY CHARLES JONES | : | |
| | : | |
| Appellant | : | No. 279 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 22, 2024
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001330-2022

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED: MARCH 26, 2025**

Appellant, Gregory Charles Jones, appeals from his judgment of sentence of 5-14 years' imprisonment for aggravated assault against a police officer, disarming a law enforcement officer, simple assault and resisting arrest. We affirm.

On the evening of March 19, 2022, Officer Michael Balch of the Reading Police Department was dispatched to 150 North Fourth Street in Reading to take a report of a domestic incident. N.T., 6/13/23, at 53 (trial transcript). Officer Balch spoke to three witnesses who complained that Appellant forced his way into an apartment, brandished a knife, struck one woman on the head, and took another woman's cell phone. *Id.* at 53-54. The witnesses described Appellant as a 5'9"-5'10" Hispanic male with a thin build, wearing a gray sweatshirt, blue jeans, black boots and a gray, chest-length beard. *Id.* One witness received a call informing them that Appellant may be in the 400 block

of Walnut Street, close to a house that was excessively decorated for Halloween. *Id.* at 55. Officer Balch then walked the half block to this house, where he encountered Appellant sitting on the stoop. *Id.* at 56-57. Appellant fit the description that the witnesses had given the officer. Because Appellant met the description of the perpetrator of the incident he was investigating, the officer ordered Appellant to come over so they could speak. *Id.* at 57.

Officer Balch was wearing a full Reading Police Department uniform, including badge, shoulder patches, gun belt and "police" in reflective lettering on the back of the uniform. *Id.* at 69-70; Commonwealth's Exhibit No. 1. In response to this request, Appellant attempted to run away, so the officer grabbed his right hand. *Id.* at 58. Appellant punched the officer in the face with his free hand, and an object fell out of his hand, which the officer believed to be a knife. *Id.* at 58-59. Officer Balch punched Appellant in the face, and the two exchanged several blows before the officer could take Appellant to the ground. *Id.* at 59. In the ensuing struggle, Officer Balch attempted to sit on Appellant, but Appellant kicked his legs away and struck the officer repeatedly. *Id.* Appellant was able to get back on his feet, but the officer grabbed the sides of his head with his forearms and forced him back to the ground. *Id.* at 60. The officer was then able to sit on Appellant, but Appellant attempted to grab his duty weapon several times. *Id.* at 60-62. Appellant also bit the officer and told him that he had AIDS. *Id.* at 61. When other officers arrived, Appellant was eventually taken into custody. *Id.* at 63.

While criminal charges were initially filed related to the forced entry into the apartment, those charges were withdrawn at the preliminary hearing when the necessary witnesses failed to appear for court. N.T., 6/8/23, at 3-4 (hearing on Appellant's motion *in limine*). For this reason, the lower court entered an order permitting only limited testimony from Officer Balch to explain his presence in the area, including his belief that a weapon might be present. Order, 6/12/23. Additionally, the court precluded all testimony from the witnesses involved in the forced entry into the apartment. ***Id.*** The only information presented at trial regarding this prior assault was that Appellant was involved in a prior domestic incident and possessed a knife, along with a description of Appellant. N.T., 6/13/23, at 53-55 (trial transcript).

Following a two-day trial, the jury found Appellant guilty of the above-mentioned charges. On January 19, 2024, the court imposed sentence. On February 16, 2024, Appellant filed a timely notice of appeal. On February 26, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one days. On March 20, 2024, two days after the deadline, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On March 26, 2024, the court filed a Pa.R.A.P. 1925(a) opinion.

Appellant raises three issues in this appeal:

I. Whether the trial court erred by denying the Appellant's Motion(s) *in Limine* thereby allowing the Commonwealth to introduce testimony related to an alleged criminal domestic incident perpetrated by Appellant which he was not currently charged.

II. Whether the admission of the testimony violated Appellant's right to be confronted with the witnesses against him under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

III. Whether the trial court erred in denying to instruct the jury regarding Appellant's initial mistaken identity that Officer Balch was a private citizen.

Appellant's Brief at 6.

Preliminarily, we note that Appellant raised all three issues in his untimely Rule 1925(b) statement, but the trial court only addressed the first and third issues. The court did not address the second issue relating to the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution.

In **Commonwealth v. Baker**, 311 A.3d 12 (Pa. Super. 2024), the Commonwealth filed an untimely Rule 1925(b) statement. The trial court filed an opinion addressing the merits of the issue in the Commonwealth's Rule 1925(b) statement. In a footnote, we stated that we found the issue waived due to the untimely filing of the Rule 1925(b) statement. We observed, "It is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. **Id.** at 17 (citing Pa.R.A.P. 1925(b)(4)(vii)). We added, however, that "[i]f there has been an untimely filing [of a Rule 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Id.** at 17-18. "Under these circumstances," we concluded, "where the trial court had adequate

opportunity to prepare an opinion addressing the issue raised, we decline to find waiver and will address the issue on its merits." *Id.* at 18.

Pursuant to *Baker*, we will review the first issue in Appellant's untimely Rule 1925(b) statement. The trial court had "adequate opportunity" to prepare an opinion on this issue because it actually addressed this issue in its opinion. *Baker*, 311 A.3d at 18.

The first issue in Appellant's Rule 1925(b), and his first argument on appeal, is that the court erred in denying Appellant's pretrial motion *in limine* to prohibit Officer Balch from testifying about the domestic incident that led to the police dispatch prior to Appellant's arrest. Appellant argues that this evidence was inadmissible as "other acts" evidence under Pa.R.E. 404(b)(1). We disagree.

We review the denial of a motion *in limine* for abuse of discretion. *Commonwealth v. Zugay*, 745 A.2d 639, 645 (Pa. Super. 2000). Similarly, the admission of evidence is committed to the sound discretion of the trial court and the review is for an abuse of discretion. *Commonwealth v. Stokes*, 78 A.3d 644, 654 (Pa. Super. 2013).

The Rules of Evidence define relevant evidence as that which establishes a material fact or makes the existence of a material fact more or less probable. Pa.R.E. 401. The Rules caution that even if evidence is relevant, it may nevertheless be inadmissible if its probative value is outweighed by several factors, including undue delay, waste of time and the presentation of

cumulative evidence. Pa.R.E. 403. "In determining whether the evidence is so remote that the prejudicial effect outweighs the probative value, the court has no fixed standard on which to rely, but must instead consider the nature of the crime, the evidence being offered, and all attendant circumstances." *Commonwealth v. Smith*, 808 A.2d 215, 225 (Pa. Super. 2002).

In addition, Pa.R.E. 404(b) governs the admissibility at trial of evidence of prior bad acts committed by the defendant. This rule provides in relevant part:

> (b) Other crimes, wrongs, or acts.
>
> (1) Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> (3) In a criminal case the prosecutor must provide reasonable written notice in advance of trial so that the defendant has a fair opportunity to meet it, or during trial if the court excuses pretrial notice on good cause shown, of the specific nature, permitted use, and reasoning for the use of any such evidence the prosecutor intends to introduce at trial.

*Id.* Rule 404(b)(3) requires the application of a balancing test before the evidence is admissible. Notably, it is not necessary for the prior act to have resulted in a conviction. *Commonwealth v. Saez*, 225 A.3d 169, 174 n.3 (Pa. Super. 2019) (Rule 404(b) "is not limited to evidence of crimes that have been proven beyond a reasonable doubt in court. It encompasses both prior

**crimes** and prior **wrongs and acts**, the latter of which, by their nature, often lack definitive proof") (emphasis in original).

Accordingly, the evidence of the bad act sought to be admitted must be relevant for a special purpose other than to prove the defendant's bad character or propensity for the commission of crimes, and the probative value of the evidence to be admitted must outweigh the risk of prejudice. Pa.R.E. 404(b)(1), (2). This rule, however, is subject to "numerous exceptions" in which courts permit the admission of evidence of prior bad acts. *Commonwealth v. Billa*, 555 A.2d 835, 840 (Pa. 1992). Some of these exceptions

> include (but are not limited to): (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one naturally tends to prove the others; (5) to establish the identity of the person charged with the commission of the crime on trial where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other; (6) to impeach the credibility of a defendant who testifies in his trial; (7) situations where [the] defendant's prior criminal history had been used by him to threaten or intimidate the victim; (8) situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development (sometimes called "*res gestae*" exception).

*Id.* Since all evidence admitted against a defendant at trial is prejudicial, the question is whether the evidence is so prejudicial that it would inflame the jury to deliberate based upon something other than the legal propositions

relevant to the case. *Commonwealth v. Serge*, 837 A.2d 1255, 1261 (Pa. Super. 1997).

The trial court acted within its discretion in admitting limited testimony regarding the report to Officer Balch of Appellant's alleged break-in and assault earlier in the evening. This evidence established the *res gestae*, that is, the sequence of events which formed the history of the case and its natural development.[1] *See Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009) (court properly admitted prior bad acts to demonstrate absence of mistake and *res gestae*). Officer Balch testified that he took a report from several witnesses complaining that Appellant forced his way into an apartment, brandished a knife, struck one woman on the head, and took another woman's telephone. The witnesses gave a detailed description of Appellant's physical attributes and clothing. One witness received a call that Appellant might be close to a nearby house that was excessively decorated for Halloween. Officer Balch walked to this house and encountered Appellant, who fit the witnesses' description. This testimony placed the officer's interaction with Appellant in proper context. The witnesses' report of an assault by a man with a knife explained why Officer Balch was on the street near the "Halloween house" in the early morning hours. The witnesses'

---

[1] Furthermore, while the charges relating to the break-in and assault in the apartment were discharged, Rule 404(b) does not require prior bad acts to have resulted in a conviction. *Saez*, 225 A.3d at 174 n.3.

- 8 -

description of the assailant explained why Appellant attracted Officer Balch's attention. Without any information regarding the forced entry incident which Officer Balch was investigating, the jury would have been left with the impression that Officer Balch arbitrarily singled out Appellant on the street and had no reason to detain or fight Appellant. Thus, Appellant's argument fails.

The second issue in Appellant's Rule 1925(b) statement, and his second argument in this appeal, is the contention that the court violated his rights under the Confrontation Clause of the Sixth Amendment by admitting statements of out-of-court witnesses (the individuals who observed Appellant break into the apartment) through Officer Balch's testimony.

Arguably, Appellant waived this issue because he filed an untimely Rule 1925(b) statement and the trial court did not address this issue in its opinion. Even if preserved, however, the issue would not entitle him to relief. Officer Balch's testimony did not violate Appellant's Confrontation Clause rights because the court admitted it for a non-hearsay purpose, namely to explain the officer's course of conduct.

The question whether admission of evidence violated an accused's rights under the Confrontation Clause is a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Agnew***, 299 A.3d 1001, 1007 (Pa. Super. 2023).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). Hearsay is not admissible except as provided by the Rules of Evidence, by other rules prescribed by the Pennsylvania Supreme Court, or by statute. Pa.R.E. 802. If, however, the statement is offered not for the truth of the matter asserted, but instead to explain a witness's course of conduct, the statement is not hearsay. ***Commonwealth v. Johnson***, 42 A.3d 1017, 1035 (Pa. 2012). More specifically, an out-of-court statement offered to explain a police officer's course of conduct is not hearsay. ***Commonwealth v. Goldman***, 252 A.3d 668, 679 (Pa. Super. 2021). The Confrontation Clause is not implicated for statements which are not hearsay, such as statements that explain an officer's course of conduct. ***Agnew***, 299 A.3d at 1007.

The trial court correctly reasoned that Officer Balch's testimony about the eyewitnesses' statements was not hearsay, because it was offered for the non-hearsay purpose of explaining his course of conduct. The witnesses' statements showed why Officer Balch was on the street with the Halloween house, why Appellant attracted his attention, why he approached Appellant, and why he grabbed Appellant's hand when Appellant tried to run away. Since

Officer Balch's testimony was not hearsay, it did not violate Appellant's Confrontation Clause rights under the Sixth Amendment.[2]

The final issue in Appellant's Rule 1925(b) statement, and his final argument on appeal, is the contention that the court erred by denying his request to instruct the jury that it could find that Appellant acted on the mistaken belief that Officer Balch was a private citizen. Appellant was charged with aggravated assault against a police officer under 18 Pa.C.S.A. § 2702(a)(3), which provides that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to [a police officer] in the performance of duty." Appellant testified that he mistakenly believed Officer Balch was a private citizen because he was focused on the officer's face, not on what he was wearing. According to Appellant, "Considering the facts and testimony a jury instruction of potential mistaken identity was necessary because it was important for the [j]ury to know they must consider whether the Appellant acted with the mistaken belief that he was threatened with an intentional tort by a private citizen." Appellant's Brief at 23. Pursuant to **Baker**, we again will review this final issue in Appellant's untimely Rule 1925(b) statement because the trial court had "adequate

_____

[2] We need not discuss whether Officer Balch's testimony violated Appellant's right of confrontation under Article I, Section 9 of the Pennsylvania Constitution, because Appellant merely recites its text without explaining why his rights under this provision may be greater than his right of confrontation under the Sixth Amendment.

opportunity" to prepare an opinion on this issue and actually addressed this issue in its opinion. *Baker*, 311 A.3d at 18.

Nonetheless, we hold that this argument lacks merit. In a challenge to a jury instruction, the only true issue is whether the area covered by the instruction adequately, clearly and accurately presents the issue to the jury. *Commonwealth v. Saranchak*, 675 A.2d 268, 276 (Pa. 1996). The trial court shall instruct a jury only on those matters which have been made an issue in the case and evidence would reasonably support such a verdict. *Commonwealth v. Patton*, 936 A.2d 1170, 1176 (Pa. Super. 2007).

Appellant cites *Commonwealth v. Flemings*, 652 A.2d 1282 (Pa. 1995), in support of his claim that a "mistaken belief" instruction was necessary. The defendant in *Flemings* was convicted of aggravated assault under Section 2702(a)(3) for assaulting an undercover police officer by stealing his duty weapon and holding him at gunpoint. The defendant requested the court to instruct the jury that he must have known the undercover officer was a police officer to be found guilty under Section 2702(a)(3). The court declined to give this instruction, and our Supreme Court held that the court's decision was correct:

> [Section 2702(a)(3)'s] requirement that the officer be "in the performance of duty" in no way implies that liability depends on whether the defendant is aware of his victim's official status. The duties of a police officer, . . . frequently include undercover investigation in which the officer's official status is intentionally concealed. We do not interpret the language "in performance of duty" to require a defendant to have knowledge of the officer's official status since such a reading would all but strip the

- 12 -

undercover officer of the protection the legislature intended to afford him. Rather, we hold that a defendant's lack of knowledge should only be considered in those cases in which a defendant acts with the *mistaken* belief that he is threatened with an intentional tort by a private citizen . . . [Otherwise,] the offender must take his victim as he finds him.

*Id.* at 1285 (emphasis in original).

Here, as in *Flemings*, the trial court correctly concluded that the evidence did not warrant a "mistaken belief" instruction. Indeed, the evidence in this case cuts even more strongly against giving a "mistaken belief" instruction than in *Flemings*. Whereas the officer in *Flemings* was in plainclothes due to his undercover status, Officer Balch was in a full, marked uniform and was visibly identifiable as a police officer. Appellant had no basis to claim under these circumstances that he did not realize that Officer Balch was a police officer. Additionally, when Officer Balch asked to speak with Appellant, Appellant attempted to flee, an act that demonstrated he knew Officer Balch was a police officer. Thus, the record did not support the proposed jury instruction of mistaken belief, and the trial court properly denied Appellant's request to give this instruction to the jury.[3]

_____

[3] Two additional points deserve mention. First, Appellant, not Officer Balch, elevated this encounter into a violent fight. When Officer Balch grabbed Appellant's hand to prevent his flight, Appellant punched the officer in the face. Since the record is clear that Appellant threw the first punch, his claim that he was attacked rings hollow. Like the defendant in *Flemings*, Appellant was not acting in self-defense but instead initiated an assault on a uniformed police officer. Second, although the court declined to give a "mistaken belief" instruction, it did not prohibit the defense from arguing that Appellant mistook

*(Footnote Continued Next Page)*

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025

---

Officer Balch as an ordinary citizen. Defense counsel argued that Appellant believed a stranger grabbed him without explanation when he stood up to walk away. N.T., 6/14/23, at 196-97.

- 14 -