J-S39039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN ROMAN CASTRO | : | |
| | : | |
| Appellant | : | No. 758 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 27, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005506-2021

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED FEBRUARY 11, 2026**

Martin Roman Castro ("Castro") appeals from the judgment of sentence following his open guilty plea to rape of a child, involuntary deviate sexual intercourse with a child ("IDSI"), and corruption of minors.[1]  Additionally, Castro's counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[2]  Because Castro's appellate issues are frivolous and our independent review discloses no non-frivolous appellate issues, we grant Counsel's petition to withdraw and affirm.

---

[1] **See** 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6301(a)(1)(ii).

[2] Castro has filed a *pro se* response to Counsel's **Anders** brief, which we address below.

The trial court set forth the following factual and procedural history:

. . . On July 21, 2021, Norristown Police Department Officers responded to a home near the intersection of Corson and Marshall Streets to speak with the parents of two minor girls who reported that [Castro] had had inappropriate sexual contact with their daughters. The family had rented a room in their home to [Castro] and asked him to look in on their children once in a while as the parents both worked outside the home. Norristown Police Department Detectives interviewed [Castro] on the same day [as the parents' report about Castro's abuse]. During that interview, [Castro] gave a voluntary statement admitting to having had vaginal, anal, and oral intercourse over the past year with the twelve (12) year old daughter ("Y.M.") . . .. Following a preliminary hearing [i]n October [] 2021, at which Y.M. testified, the Commonwealth filed the information charging [Castro] with [several offenses related to the abuse.]

On December 12, 2022, [Castro] entered an open guilty plea to . . . rape of a child, . . . [IDSI], . . . corruption of minors, and . . . obscene or sexual materials. The court deferred sentencing to obtain[, *inter alia*,] a [pre-sentence investigation report ("PSI")] . . . and a sexually violent predator assessment. Because [Castro] required a translator, the court and counsel spent extra time and effort to ensure that [Castro] understood why he was there and what he was doing. Of note, the court explained to [Castro] in detail the possibilities regarding the offenses with mandatory minimum sentences and sought [Castro's] assurance that no one had forced him, threatened him, or made any promises to him to get him to plead guilty.

[Following indication by Castro during his PSI interview that he wanted to withdraw the plea, the court continued matters.] [I]n September [] 2023, counsel for [Castro ("plea counsel")] filed a written pre-sentence motion seeking to withdraw the guilty plea. . . . On October 27, 2023, the court heard [Castro's] motion. At that hearing, the Commonwealth withdrew [the] obscene and sexual materials [charge]. After a lengthy colloquy and [plea] counsel having met with [Castro] for over five (5) hours beforehand with an interpreter, [Castro] . . . withdrew his motion to withdraw his plea and asked to go to sentencing. The court placed the basis and reasons for the sentence on the record . . .. Additionally, the court heard and read the victim impact statements . . ., as well as heard argument by counsel.

Thereafter, th[e] court sentenced [Castro] to the mandatory minimum sentence of ten (10) to twenty (20) years' incarceration on . . . rape of a child, a consecutive mandatory minimum sentence of ten (10) to twenty (20) years' incarceration on . . . IDSI, and a determination of guilt without further penalty on . . . corruption of minors[,] resulting in an aggregate sentence of twenty (20) to forty (40) years in prison with three (3) years of consecutive probation through the Pennsylvania Parole Board.[3] [Castro] filed a counseled post-sentence motion [solely challenging the imposition of consecutive terms of imprisonment, and bringing no challenges to the validity of the guilty plea] . . ., which th[e] court denied on December 6, 2023. No direct appeal followed, making the judgment of sentence final on January 6, 2024.[4]

On November 1, 2024, [Castro] filed a timely petition under the Post Conviction Relief Act. He claimed, *inter alia,* that plea counsel failed to file a direct appeal following the denial of his post-sentence motion. Th[e] court appointed [C]ounsel and, with the agreement of the Commonwealth, ultimately granted post-conviction relief in the form of the reinstatement of [Castro's] direct appeal rights. [Castro], through [Counsel], subsequently filed a notice of appeal.

The court issued an order . . ., directing [Castro] to file a Pa.R.A.P. 1925(b) Concise Statement of errors within twenty-one (21) days[, with which Castro complied]. . . ..

Trial Ct. Op., 5/5/25, at 1-5 (citations to the record and footnotes omitted).

As noted above, Counsel has filed an application to withdraw along with

an **Anders** brief. When presented with an **Anders** brief, this Court may not

_____

[3] **See** 42 Pa.C.S.A. § 9718.5 (mandating a consecutive term of three years of probation consecutive to any other lawful sentence, which may be added to the maximum permissible sentence).

[4] The court entered two orders correcting patent errors in the sentencing sheet to make it consistent with the on-the-record statement of the sentence, including withdrawal of the obscene/sexual material charge, and inclusion of the no-further-penalty sentence for the corruption of minors conviction. **See** 42 Pa.C.S.A. § 5505.

review the merits of the underlying issues without first passing on the request

to withdraw. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super.

2010). Pursuant to *Anders*, when counsel believes an appeal is frivolous and

wishes to withdraw from representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006)

(internal citation omitted). In *Santiago*, our Supreme Court addressed the

second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and

required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied these technical

requirements, it is then this Court's duty to conduct its own review of the trial

court's proceedings and render an independent judgment as to whether the

appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has filed a petition to withdraw stating that after an extensive review of the record and applicable law, she has concluded that this appeal is wholly frivolous. *See* Pet. to Withdraw, 6/17/25, at ¶¶ 14-15. Counsel has also filed a brief, provided it to Castro, and has advised Castro of his right to proceed in this appeal, with private counsel or *pro se*, and to present to this Court any other information or documentation relevant to his appeal. *See id*. at ¶ 16; *see also id*. at Ex. A (letter to Castro informing him of the right to retain new counsel or to submit on his own behalf additional arguments). Counsel's *Anders* brief includes a summary of the factual and procedural history of the appeal and explains her reasons for concluding that the appeal is wholly frivolous. *See Anders* Brief at 5-21, 23-38. Thus, we conclude that Counsel has complied with the technical requirements of *Anders* and *Santiago*, and we will proceed with an independent review of whether this appeal is frivolous.

Counsel identifies the following issues for our review:

1. Whether [Castro] knowingly, voluntarily and intelligently withdrew his motion to withdraw his guilty plea . . .?

2. Whether [Castro] knowingly, voluntarily and intelligently entered into the open guilty plea . . ., as [he] did not understand the proceedings because he does not read, write or speak the English language, [plea] counsel spoke with him through a Spanish interpreter who communicated that he would only receive a sentence of five (5) years, or less than [ten] (10) years of incarceration, if he accepted the

guilty plea, and [Castro] felt coerced to enter into the plea by [plea] counsel who [Castro] felt was not adequately prepared f[o]r trial by having only met with him on a few occasions, not having filed any pre-trial motions relative to DNA evidence and/or speaking with [Castro] sufficiently for him to understand the nature of the proceedings?

3. Whether th[e] court abused its discretion by imposing two [] ten[-]year mandatory minimum sentences consecutively on . . . rape of a child [and IDSI], . . . because [Castro] raises the following substantial questions that the sentences imposed is not appropriate under the Sentencing Code in that:

   a) the imposition of the consecutive mandatory minimum sentences becomes harsh, unreasonable and excessive under the facts in which [Castro] admitted guilt, which involved only one complainant, as [Castro] argued in his post-sentence motion; and

   b) th[e] court failed to consider the Sentence Risk Assessment Instrument set forth in 204 Pa. Code § 305.3 that weighs in favor of a finding that [Castro] poses a low risk of reoffending . . ..

Concise Statement of Matters Complained of on Appeal, 4/7/25, at 1-2 (issues re-ordered for ease of disposition; unnecessary capitalization omitted); *see also Anders* Brief at 22 (summarizing the appellate arguments consistently with the Rule 1925(b) statement).

Castro's challenges implicate the withdrawal of his motion to withdraw his guilty plea, as well as the underlying validity of his guilty. The first two issues identified by Counsel thus ultimately turn on whether Castro is entitled to withdraw his guilty plea. In *Commonwealth v. Elia*, this Court addressed an analogous issue, namely Elia's assertion of error predicated on the trial court's denial of a motion to withdraw a motion to withdraw a guilty plea. *See*

83 A.3d 254, 261 (Pa. Super. 2013) (stating that Elia's issue concerned "whether the trial court erred in denying his motion to withdraw his motion to withdraw his guilty plea").[5]  There, we determined that Elia's "overarching claim boils down to a challenge to the trial court's decision regarding his original motion to withdraw a guilty plea," and applied "traditional principles that govern presentence motions to withdraw guilty pleas."  **Id**.  Accordingly, Castro's challenges to the withdrawal of his motion to withdraw his guilty plea, and the validity of the plea, itself turn on the similar facts and law.

Our standard of review for a trial court's ruling on a motion to withdraw a guilty plea is abuse of discretion.  **See Commonwealth v. Williams**, 198 A.3d 1181, 1184 (Pa. Super. 2018).

This Court has explained vis-à-vis a presentence motion to withdraw a guilty plea:

> . . .  Pennsylvania Rule of Criminal Procedure 591(A) provides that, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

_____

[5] Notably, in **Elia**, the court **granted** the underlying motion to withdraw the guilty plea and denied a subsequent motion to withdraw the prior motion.  The ostensible reason Elia sought to undo the withdrawal of his guilty plea is that, following the withdrawal of his guilty plea,  Elia  proceeded to trial and received a ten-to-twenty-year sentence of imprisonment following a non-jury trial, whereas the plea agreement had involved a plea to the same charge, but the Commonwealth agreed not to seek the mandatory minimum ten-year term of imprisonment.  **See** 83 A.3d at 258, 260.  Following the trial and conviction, the Commonwealth sought the mandatory minimum.

"Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed." *Commonwealth v. Kpou*, 153 A.3d 1020, 1022 (Pa. Super. 2016) (cleaned up). "In determining whether to grant a presentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice." [] *Elia*, 83 A.3d at 262 [] (cleaned up). Therefore, if the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it unless it would substantially prejudice the Commonwealth. [*See*] *Commonwealth v. Carrasquillo*, [] 115 A.3d 1284, 1287 ([Pa.] 2015) (citation omitted).

*Williams*, 198 A.3d at 1184. Where the trial court holds an evidentiary hearing on the motion to withdraw, at which the defendant argues he was coerced, the trial court may credit or discredit the defendant's assertions, which this Court will not overturn unless that court's credibility determination is "irrational." *Id*. at 1186. Lastly, even in context of a presentence motion to withdraw a guilty plea, a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant the presentence motion to withdraw a guilty plea. *See id*.

Regarding the voluntariness of a plea, this Court has explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Davis*, 191 A.3d 883, 889 (Pa. Super. 2018) (internal citation omitted).

In her *Anders* brief, Counsel asserts that Castro's issues are waived and, even if not waived, lacked any support in the record. Specifically, Counsel explains that Castro did not file a post-sentence motion challenging the withdrawal of his motion to withdraw his guilty plea, and the record would not support a finding that his decision to withdraw his motion to withdraw his guilty plea was involuntary. *See Anders* Brief at 28. Additionally, Counsel explains that any challenge to the validity of Castro's plea was waived because he did not file a post-sentence motion to withdraw his plea, and the written and in-court plea colloquies established that his plea was knowing, voluntary, and intelligent. *See id*. at 23-27.

In his *pro se* response, Castro argues that at the plea hearing and the hearing on his motion to withdraw his guilty plea—at which he withdrew his motion to withdraw his guilty plea, and proceeded to sentencing—there was an "absolute and complete language barrier that left [him] completely confused." Castro's Supplemental Brief and Application for Relief Seeking Remand to the Lower Ct. , 7/18/25, at ¶ 8. He maintains that "no[] matter how many, or how good the translators were, [he] was not able to comprehend what was happening and was clearly bullied by trial counsel into giving up his right to go to a trial and prove his innocence of these charges."

***Id***.[6]  Additionally, he asserts that to the extent appellate review of his motion to withdraw his guilty plea is waived, Counsel should have filed a post-sentence motion *nunc pro tunc* to preserve the issue for review and was ineffective.  ***See id***. at ¶ 11.

The trial court considered Castro's issues and concluded they are meritless:

> Instantly, although [plea] counsel initially filed a motion to withdraw the guilty plea prior to sentencing on [Castro's] behalf, [Castro] later withdrew that motion and proceeded to sentencing. [Castro] filed a timely post-sentence motion seeking to modify his sentence but did not challenge the validity of his guilty plea. Accordingly, he has waived this claim on appeal.  Moreover, [Castro] knowingly, voluntarily, and intelligently entered his guilty plea and no relief is due.
>
> * * * *
>
> While represented by [plea] counsel in this case, [Castro] confirmed that he was entering a knowing, intelligent, and voluntary plea on December 12, 2022.  Th[e] court, the assistant district attorney, and [plea] counsel, with the assistance of an experienced Spanish language interpreter, covered each of the topics noted above and answered all of [Castro's] questions. [Castro] also completed a written plea colloquy written in Spanish, initialed each page, and signed and dated the final page.  Hence, this issue lacks merit.
>
> [Castro] also asserts in his second issue on appeal that he did not knowingly, voluntarily, and intelligently withdraw his motion to withdraw the guilty plea . . ..  For the same reasons articulated above, [Castro] has waived this claim.  Moreover, the assertion is devoid of merit.

_____

[6] We note that Castro, in his presentence motion, asserted innocence rather than his confusion resulting from a language barrier.  ***See*** Pre-Sentence Motion, 9/25/23, at ¶ 8.

- 10 -

When [Castro] appeared for sentencing . . ., [plea] counsel informed the court that [Castro] had indicated during his [PSI] that he was innocent. The court directed [plea] counsel to file a motion and a response and scheduled a hearing on [Castro's] motion to withdraw his guilty plea . . .. . . . [T]he court and [plea] counsel[, with the aid of a translator,] engaged in a lengthy colloquy to ensure that [Castro] understood his choices. During these exchanges, the Commonwealth agreed to withdraw [the charge of] obscene and sexual materials. The court and [plea] counsel again explained the charges and the mandatory minimum sentences involved. [Castro] clearly stated he wished to withdraw the motion to withdraw his guilty plea and proceed to sentencing on the remaining charges. The court appropriately found after an extensive colloquy and an extensive period of time with his attorney, that [Castro] knowingly, intelligently, and voluntarily withdrew his motion to withdraw the open guilty plea. Consequently, [Castro's] . . . claim on appeal warrants no relief.

Trial Ct. Op., 5/25/25, at 7-9.

Following our review, we agree with Counsel's assessment that Castro's issues concerning the withdrawal of his motion to withdraw his guilty plea is frivolous because the record contains no support for concluding the withdrawal of his motion to withdraw was involuntary or the trial court abused its discretion by granting the motion. We note the following relevant background: at the plea hearing, there were **two** Spanish language interpreters present for this case, one to interpret Spanish into English and another to translate English into Spanish. **See** N.T., 12/12/22, at 3. Following a recitation of the facts by the Commonwealth— namely, that Castro had vaginal, anal, and oral intercourse with a twelve-year-old girl at a residence in Norristown where Castro and his nephew were staying—Castro agreed to the factual basis of the plea. **See id**. at 29. He also agreed that he had

previously confessed these facts to a detective *via* a Spanish translator. ***See id***. at 30.[7] Just prior to the trial court finding the plea was voluntary, knowing, and intelligent, the court asked Castro if he had any further questions for plea counsel, and Castro indicated he did not. ***See id***. at 32.

During the oral colloquy by plea counsel, Castro indicated he, a fifty-four-year-old, did not complete high school, but could read, write, and understand Spanish. ***See id***. at 6. Additionally, he agreed that plea counsel had answered all of his questions, that he was not under the influence of alcohol or drugs, and that he had no mental illnesses that would affect his ability to understand the plea proceedings. ***See id***. at 6-7. Plea counsel stated the elements of, and the applicable maximum sentences for, the offenses to which Castro was pleading guilty. ***See id***. at 8-10. Plea counsel also informed him of the ten-year mandatory minimums for each of the two lead charges, and "the Commonwealth can request you to serve ten years per offense." ***Id***. at 10. With plea counsel, Castro filled out a colloquy in Spanish. ***See id***. at 12; ***see also id***. at Ex. D-1 (written Spanish language colloquy). Plea counsel also informed Castro of possible immigration consequences, and reiterated for Castro that he had a right to have a trial. ***See id***. at 14-15.

_____

[7] While Castro equivocated about his prior statements to the detective, stating, "I . . . had a little alcohol. . . . And maybe . . when I gave my statement, maybe I got confused. Maybe it was the translator's fault," N.T., 12/12/22, at 30, he indicated prior, and subsequent, to this equivocation that the facts as stated by the Commonwealth were accurate. ***See id***. at 29, 30.

During the colloquy, Castro agreed twice that no one had forced him to plead guilty. *See id*. at 15. Additionally, he noted, "I don't dispute – the only thing I dispute out of this is the time frames that we were talking about earlier." *Id*. Following Castro's disputation, the Commonwealth—while it maintained the victim asserted the abuse began in 2020—agreed that in 2021, Castro thrice engaged in sexual intercourse with the minor victim. *See id*. at 29. Additionally, the court informed Castro that there was no agreement as to his sentence and the court retained the discretion whether to run the terms of imprisonment consecutively. *See id*. at 22. The court again asked Castro if his plea was voluntary, informed him that plea counsel could not make him plead guilty, that it was Castro's decision, and that plea counsel "cannot tell you what to do." *Id*. at 27. Having multiple times agreed to the factual basis of the charges, and having been informed several times of his rights, ultimately, after consulting with plea counsel, Castro agreed that he was guilty. *See id*. at 32.

Following his guilty plea hearing, at the conclusion of which the trial court deferred sentencing for the preparation of a PSI, Castro asserted his innocence during the preparation of the PSI, and plea counsel filed a motion to withdraw the guilty plea. *See* Pre-Sentence Mot., 9/25/23, at ¶ 8.

The court scheduled a hearing on the motion. At the hearing, there was a single interpreter sworn to translate Spanish into English and vice versa. *See* N.T, 10/27/23, at 3. At the hearing, the court gave Castro time to speak

to plea counsel, after which, under oath, Castro stated his understanding that the purpose of the hearing was for his motion to withdraw his guilty plea, and he indicated plea counsel had answered all of his questions. *See id*. at 9. The court then accurately summarized the law applicable to pre-sentence motions to withdraw guilty pleas, which Castro indicated he understood. *See id*. at 10. Castro then equivocated by stating he wanted to plead guilty but then asserting, "[T]hey are accusing me of things I didn't do . . .." *Id*. at 11. Following Castro's equivocation, the court indicated it would not proceed further with Castro asserting his innocence. *See id*. at 11.

The parties thereafter conferenced, and the Commonwealth amended the plea offer to withdraw a charge of disseminating obscene or other sexual materials to a minor (a third-degree felony). *See id*. at 12. In exchange for the amended plea offer, Castro indicated he would withdraw the motion to withdraw the guilty plea:

> [Trial court]:   . . . [Y]ou're ready to proceed on the sentencing on rape of child, [IDSI] with a child, and corruption of minors; is that correct?
>
> [Castro]:        Yes.
>
> [Trial court]:   That means that if you are ready to proceed with sentencing, you would necessarily have to withdraw your motion to withdraw your plea.
>
> [Castro]:        Yes.
>
> [Trial court]:   Do you understand that?
>
> [Castro]:        Yes.

[Trial court]:    Now, has anybody forced you, threatened you, or made any promises to you to get you to withdraw your motion?

[Castro]:    No, not in reality—

[Trial court]:    "Not in reality."

[Plea counsel]: Then he said[] no one forced him.

[Trial court]:    No one has forced you, threatened you, or made any other promises to you?

[Castro]:    Well, no.

*Id*. at 12-13. Castro then affirmed he was not under the influence of any controlled substances and that he suffered from no mental illnesses that impacted his ability to understand what was occurring. *See id*. at 13. Additionally, he agreed he had that day over five hours to speak with plea counsel, who answered all of his questions, and Castro indicated he had no other questions. *See id*. at 13-14.

The court then indicated it would move forward with sentencing on the remaining counts, including rape, IDSI, and corruption of a minor, after which Castro asked for clarification of what constituted "corruption," plea counsel defined the offense for Castro, who again clarified the timeline during which he committed the offense and then agreed he in fact had committed that offense. *See id*. at 15-16.

The court then asked if Castro had other questions, and he indicated he did not. *See id*. at 16. After confirming with plea counsel that counsel had

no reservations about Castro's ability to understand and intent to proceed, the court asked Castro a final time:

> [Trial court]: [] Castro, I'm about to deny your motion [to withdraw the guilty plea] based on your withdrawal [of that motion], and we're going to proceed to sentencing. Is that what you want to do?
>
> [Castro]: Yes.

*Id*. at 17.

The foregoing shows that Castro originally pleaded guilty where he was represented by counsel, had the assistance of two Spanish interpreters, and was informed of the factual basis of the charges, the applicable maximums, the mandatory minimums, his right to trial by jury—the written Spanish colloquy also stated he was considered innocent until proven guilty, *see* Colloquy, 12/12/22, at ¶ 18—and that the court retained discretion about what sentence to impose. At the initial guilty plea hearing, having been informed of the above, Castro repeatedly stated he committed the offenses and indicated his desire to plead guilty. At the later hearing on his motion to withdraw his guilty plea, following consultation with his attorney and further colloquy by the court, Castro obtained withdrawal of an additional charge, and reiterated that no one had forced him to plead guilty, and that he wanted to withdraw his motion to withdraw his guilty plea and proceed with sentencing. Based on this record, we conclude there is no record or legal support to assert Castro's claim that the court abused its discretion in granting Castro's motion to withdraw his prior motion to withdraw his guilty plea. *Cf*. *Elia*, 83 A.3d at

261 (applying the "traditional" principles governing presentence motions to withdraw guilty pleas to Elia's challenge to the trial court's order granting his own motion to withdraw the guilty plea, as the "overarching claim" implicated the validity of the guilty plea); **Davis**, 191 A.3d at 889 (the plea colloquy must affirmatively show the defendant understood what the plea connoted and its consequences, which must be ascertained from the totality of the circumstances); Pa.R.Crim.P. 590 cmt. (setting forth questions to be addressed during a plea colloquy); Pa.R.Crim.P. 591 (authorizing the trial court in its discretion to permit the withdrawal of a guilty plea).

With respect to Castro's remaining challenge to the validity of his guilty plea, we agree with Counsel this issue was waived. As discussed above, Castro knowingly and voluntary withdrew his presentence motion to withdraw his guilty plea. Also, as the trial court aptly noted, Castro filed no post-sentence motion to withdraw his guilty plea. As such, Castro declined to challenge the validity of his guilty plea below. Now, any challenge is waived for our review. **See Commonwealth v. Lincoln**, 72 A.3d 606, 611 (Pa. Super. 2013) (holding that the appellant could not "obtain review of his claim on direct appeal because he failed to preserve it properly by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea.

Accordingly, we decline to review [the] challenge to the validity of [the] plea"); ***see also*** Pa.R.A.P. 302(a).[8]

In his third and final issue, Castro intends to raise several challenges to the discretionary aspects of his sentence. Before proceeding to review them on the merits, we must first determine whether he has properly invoked this Court's jurisdiction over this issue.

This Court has explained the relevant law as follows:

> [A]n appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[8] To the extent Castro suggests Counsel should have sought reinstatement of his right to file a post-sentence motion *nunc pro tunc*, ***see*** Castro's Supplemental Brief at ¶ 7, we observe that the notes of testimony from the brief PCRA hearing on this matter reveal Counsel conferred with Castro—using another Spanish interpreter—and indicated to the PCRA court that the parties agreed to reinstatement of Castro's appellate rights to litigate the denial of his previously filed post-sentence motion. ***See*** N.T., 3/7/25, at 6, and Castro, when offered an opportunity to make inquiries of the court, stated he had no questions, and did not otherwise voice disagreement with Counsel's statements. ***See id***. at 7. We also note that the lack of a *nunc pro tunc* post-sentence motion did not completely deprive Castro of his appellate rights, given he preserved a challenge to the discretionary aspects of his sentence, and, accordingly, Counsel is not ineffective *per se.* ***See Commonwealth v. Agnew***, 299 A.3d 1001, 1006-07 (Pa. Super. 2023); ***see also Commonwealth v. Reed***, 971 A.2d 1216, 1226-27 (Pa. 2009). Any remaining claims of Counsel's ineffectiveness must be deferred to collateral review. ***See Commonwealth v. Watson***, 310 A.3d 307, 313 (Pa. Super. 2024).

***Commonwealth v. Padilla-Vargas***, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted; brackets in original); ***see also*** 42 Pa.C.S.A. § 9781(b).

As stated above, Castro's appeal is timely. In an ***Anders*** context, this Court has not required a separate Rule 2119(f) statement. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). As such we look to whether Castro has preserved his issue. We note that at the sentencing hearing, Castro made no objection following imposition of the sentence. ***See*** N.T., 10/27/23, at 31-37. However, Castro filed a post-sentence motion challenging the imposition of consecutive ten-year sentences: "[Castro] maintains the unlawful act was with one complainant[,] therefore he would like to have the two F-1 . . . rape . . . and [IDSI] sentences run concurrent as opposed to consecutive." Post-Sentence Mot., 11/2/23, at ¶ 7.[9] This Court has held, though, that a mere challenge to the imposition of consecutive rather than concurrent sentences does not raise a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (providing that "a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question");

---

[9] Any other challenges to the discretionary aspects of his sentence are not preserved for our review because they were not included in his post-sentence motion. ***See Padilla-Vargas***, 204 A.3d at 975.

*accord Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 784-85 (Pa. Super. 2015). Because Castro intended claim that the trial court abused its discretion by imposing consecutive sentences fails to raise a substantial question—and, as such, Castro would fail to invoke this Court's jurisdiction over this issue—we agree with Counsel that this issue is frivolous.

For the foregoing reasons—and our review having uncovered no other non-frivolous appellate issues—we concur with Counsel's conclusion that Castro's appeal is frivolous, and, therefore, we grant Counsel's petition to withdraw, and affirm the judgment of sentence.

Petition granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2026